

Rights Behind Bars
1800 M St. NW
Front 1 #33821
Washington, DC 20033
**202-455-4399**

July 20, 2026

Christopher M. Wolpert, Clerk of Court
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re: Status Report in *Sadge Hildebrandt v. Jeff Richards, et al.,* No. 25-3091.

Dear Mr. Wolpert:

Appellant Sadge Hildebrandt writes to provide a status update following the Supreme Court's decision in *Landor v. Louisiana Department of Corrections.* Mr. Hildebrandt raised five issues in his opening brief. Op. Br. 2–3. *Landor* definitively resolves the fifth issue and partially resolves the fourth issue. The other issues remain live.

*Landor v. Louisiana Department of Corrections* alters the remedies available to Mr. Hildebrandt under RLUIPA. In *Landor*, the Supreme Court held that prison employees sued in their individual capacities are not proper defendants in an RLUIPA action. 609 U. S. ___, 146 S. Ct. 1931, 1942 (2026). Taken together with *Sossamon v. Texas*, 563 U.S. 277, 285 (2011), which held that RLUIPA did not abrogate state sovereign immunity, the Supreme Court has now clarified that monetary damages are not available under the act. *Landor* therefore forecloses the arguments that Mr. Hildebrandt presented in Section V of his Opening Brief. It likewise forecloses the arguments presented in Sections IV(B) and (C) with respect to Mr. Hildebrandt's RLUIPA claim, but not his First Amendment Free Exercise claim.

Importantly, *Landor* does not impact this Court's ability to review the merits of Mr. Hildebrandt's RLUIPA claim. In addition to damages, Mr. Hildebrandt sought nonmonetary relief. Op. Br. 27–29. The Court was clear in *Landor* that its decision did not speak to the availability of "other remedies, like injunctions or declaratory judgments." *Landor*, 146 S. Ct. at 1939. Injunctive relief remains available under RLUIPA, and because the district court erred in holding that Mr. Hildebrandt's case

was mooted by his transfer, this Court may decide the questions raised in his opening brief as to the merits of his RLUIPA claim. Op. Br. 27–29; *see also Eaves v. Polis*, 167 F.4th 1304, 1311 (10th Cir. 2026) (holding that plaintiff's transfer to a different prison did not moot RLUIPA claim because the conditions were "substantially the same" and some defendants remained "situated to effectuate … relief").

Finally, *Landor* has no bearing on Mr. Hildebrandt's claim under the First Amendment's Free Exercise Clause. Op. Br. 12–19, 23–26. Mr. Hildebrandt can recover damages for Defendants' violations of his constitutional rights under 42 U.S.C. § 1983, as well as injunctive relief. His First Amendment claim remains properly before this Court.

Sincerely,

*/s/Samuel Weiss*
Lillian Novak
Samuel Weiss
RIGHTS BEHIND BARS
1800 M St. NW, Front 1 #33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant*